# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CARLOS ALONSO AGUIAR, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 16-0300-CV-W-GAF-P |
| JAY CASSADY, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at Jefferson City Correctional Center in Jefferson City, Missouri, has filed *pro se* this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 convictions and sentences for four counts of first-degree robbery and one count of armed criminal action, which were entered in the Circuit Court of Camden County, Missouri. Petitioner's convictions and sentences were affirmed on direct appeal. Doc. 9-5. Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 was denied without an evidentiary hearing. Doc 9-8.

### Background Facts

In the spring of 2009, Petitioner was identified as the man who committed four armed robberies between May 2 and June 5. Doc. 9-1, pp. 100-144. Prior to trial, Petitioner filed a notice of intent to plead not guilty by reason of mental disease or defect.[1] Doc. 9-4, pp. 25-26. On November 17, 2010, following trial, a Camden County jury rejected Petitioner's NGRI defense and found him guilty of four counts of first-degree robbery and one count of armed criminal action. Doc. 9-1, pp. 77. Petitioner was sentenced to twenty-five years for each count of robbery and ten years for the armed criminal action count, all to run

---

[1] "'Not guilty by reason of mental disease or defect excluding responsibility' (NGRI) is considered an affirmative defense, requiring the defendant to carry the burden of proving that he has a mental disease or defect excluding responsibility." *State v. Walkup*, 220 S.W.3d 748, 755 (Mo. banc 2007) (citing § 552.030.6).

concurrent with each other.  *Id.* at 80.  The Missouri Court of Appeals, Southern District, affirmed Petitioner's convictions on direct appeal.  Doc. 9-5.

Petitioner filed *pro se* a Form 40 seeking post-conviction relief pursuant to Mo. Sup. Ct. R. 29.15. Doc. 9-6.  Counsel was appointed and thereafter filed a Statement in lieu of Amended Motion for post-conviction relief, which was denied without an evidentiary hearing.  Doc. 9-6; Doc. 9-8.  Petitioner did not appeal the denial of his post-conviction relief.  Doc. 9-7.

## Discussion

Petitioner raises four grounds for relief: (1) Petitioner was denied an interpreter; (2) Petitioner's *pro se* post-conviction motion was never notarized; (3) the state-court judgment denying post-conviction relief was never signed; and (4) Petitioner's counsel was ineffective for an unspecified reason.[2]  Doc. 1, pp. 14-15.

### *I. Ground 1 is procedurally defaulted.*

In Ground 1, Petitioner argues that his entire case was "fundamentally unfair" because he "could not speak English and did not have an interpreter[.]"  Doc. 1, pp. 14-15.  Respondent contends that Ground 1 is procedurally defaulted and, alternatively, is refuted by the record.  Doc. 9, pp. 3-4.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim."  *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default."  *Sloan,* 54 F.3d at 1381.

---

[2] Petitioner also claims that his post-conviction action "was moved in violation of [Missouri] law[.]"  Doc. 1, p.15.  This claim was not included in Petitioner's enumerated grounds for relief.  *Id.* at 14-15.  Insofar as Petitioner intends to raise this claim as an additional ground for relief, the claim is an attack on proceedings collateral to Petitioner's detention and is not cognizable in a federal habeas action for the reasons set forth in Grounds 2 and 3.

2

Petitioner did not assert Ground 1 on direct appeal (Doc. 9-2; Doc. 9-5) or in his motion for post-conviction relief (Doc. 9-6, pp. 2-3; Doc. 9-8).  As a result, these claims are procedurally defaulted.  *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri Courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998).  A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Under the cause and prejudice test, cause "must be something *external* to the petitioner, something that cannot fairly be attributed to him."  *Id*. at 753 (emphasis in original).

Petitioner fails to establish cause and prejudice for the procedural default of Ground 1.  Notably, the record reflects that Petitioner did, in fact, have an interpreter at trial and during sentencing.  Doc. 9-1, pp. 3, 73; Doc. 9-1, p. 16.  Insofar as Petitioner intended to claim that ineffective assistance of counsel caused the procedural default of Ground 1, that claim is without merit for the reasons set forth in Ground 4.  Petitioner also fails to show that a fundamental miscarriage of justice will result if his defaulted claim is not considered.  *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (a petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), *cert. denied,* 549 U.S. 1036 (2006).  Consequently, Ground 1 is procedurally defaulted and is denied.

## II. Grounds 2 and 3 are not cognizable, and, alternatively, are without merit.

In Ground 2, Petitioner contends that his post-conviction motion was "improper, unlawful, and unverified" because it was never notarized.  Doc. 1-1, p. 2; Doc. 1, p. 14.  In Ground 3, Petitioner contends that the judgement denying state post-conviction relief is "false" and a "fraud or gross error" because it was

3

"not signed." Doc. 1-1, p. 8; Doc. 1, p. 14.  Respondent contends that these grounds are not cognizable in a federal habeas action.  Doc. 9, pp. 5-6.

Section 2254 habeas corpus relief is only available to prisoners who are in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  "Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings." *Williams v. Missouri*, 640 F.2d 140, 143-44 (8th Cir. 1981).  "Even where there may be some error in state post-conviction proceedings, this would not entitle [Petitioner] to federal habeas corpus relief since [Petitioner's] claim here represents an attack on a proceeding collateral to detention of [Petitioner] and not on the detention itself, which we have found to be lawful."  *Id*. at 144 (alterations added).

Petitioner's claims in Grounds 2 and 3 represent attacks on proceedings collateral to Petitioner's detention.  Consequently, Grounds 2 and 3 fail to state cognizable claims for federal habeas relief.  Moreover, Grounds 2 and 3 are refuted by the record.  As to Ground 2, Petitioner's signature is "sufficient verification" of his post-conviction motion, even without notarization.  *See State v. White*, 873 S.W.2d 590, 594 (Mo. 1994).  As to Ground 3, the judgment in question does include the judge's electronic signature.  Doc. 9-8, p. 3.  Therefore, Grounds 2 and 3 are denied.

### III. Ground 4 is procedurally defaulted, and, alternatively, is without merit.

In Ground 4, Petitioner claims he was "denied his 6th [sic] Amendment right to effective assistance of counsel."  Doc. 1, p. 15.  Initially, Petitioner fails to present specific and particularized facts establishing how his counsel was ineffective.  *See Adams v. Armountrout*, 897 F.2d 332, 334 (8th Cir. 1990) ("[P]etitioner must state specific, particularized facts which entitled him or her to habeas corpus relief for each ground specified.").  Specifically, Petitioner does not specify whether his claim relates to trial or post-conviction counsel and fails to allege what particular actions by counsel were deficient.

4

Insofar as Petitioner intends Ground 4 to raise a claim of ineffective assistance of trial counsel, such a claim would be procedurally defaulted. In his *pro se* post-conviction motion, Petitioner raised a claim of ineffective assistance of counsel for failure to investigate medical records indicating that Petitioner "did not take 25 pills" as a witness testified. Doc. 9-6, p. 2. Petitioner, however, failed to appeal the denial of that claim. Doc. 9-7. As a result, Ground 4 claim is procedurally defaulted. *Sweet*, 125 F.3d at 1149 (recognizing that failure to present claims in the Missouri Courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998). Petitioner fails to establish cause and prejudice for the failure to raise this claim on appeal from the denial of post-conviction relief.

If Petitioner intends Ground 4 to raise a claim of ineffective assistance of post-conviction counsel, a freestanding claim of ineffective assistance of post-conviction counsel is not cognizable on federal habeas review. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Christenson v. Ault*, 598 F.3d 990, 995-96 (8th Cir. 2010) ("There is no federal constitutional right to the effective assistance of post-conviction counsel.") (citation omitted).

Finally, if Petitioner intends Ground 4 as a means to establish cause and prejudice under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012),[3] for the procedural default of Ground 1, Petitioner cannot do so because Ground 1 is not a claim of ineffective assistance of trial counsel. The United States Court of Appeals for the Eighth Circuit has specifically declined to extend the narrow exception in *Martinez* to claims alleging ineffective assistance of appellate counsel or trial court error. *See Dansby v. Hobbs*, 766 F.3d 809, 833-34 (8th Cir. 2014). The *Dansby* Court reasoned that "there is no logical necessity to expand *Martinez* from the ineffectiveness claim itself to the underlying claims" because "[a]s a practical matter, a petitioner in federal habeas needs only one winning claim to gain relief – if he's got a winning ineffectiveness claim he doesn't

---

[3] "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.

need another." *Id*. at 833-34 (internal quotation omitted).  Because Ground 1 is not a claim of ineffective assistance of counsel, *Martinez* cannot excuse the procedural default of that ground for relief.  Consequently, Ground 4 is procedurally defaulted, and, alternatively, is without merit.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right."  To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 276 (2004).  Because Petitioner has not met this standard, a certificate of appealability will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

/s/ Gary A. Fenner_____
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  August 8, 2016.